AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Oregon
Eugene Division

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No.   6:17-MC- 601
)
The property located at 125 North Lane Street, Cottage )
Grove, Oregon, as described in Attachment A )
)

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____Oregon_____
*(identify the person or describe the property to be searched and give its location)*:

The property located at 125 North Lane Street Cottage Grove, Oregon, including the building, trailers, shipping container style box and a Chevrolet truck, Oregon license plate 536 FTB, as described in Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

The information and items set forth in Attachment B hereto.

**YOU ARE COMMANDED** to execute this warrant on or before   12/1/2017   *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Jolie A. Russo, United States Magistrate Judge   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for   30   days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   11/17/2017 2:30pm   _____
*Judge's signature*

City and state:   Eugene, Oregon   Jolie A. Russo, United States Magistrate Judge
*Printed name and title*

| Return | | |
|---|---|---|
| Case No.: 6:17-MC-601 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

The property to be searched is 125 North Lane Street Cottage Grove, Oregon in Lane County, including the building, trailers and shipping container style box. One of the trailers is a white enclosed 2018 Forri Cargo Mate trailer bearing Oregon license U523636. Also to be searched is a Chevrolet truck, Oregon license plate 536 FTB, parked in front of the building. The building is described as a large grey building with blue trim and two man doors to the East and a roll up garage type door to the West. There are no numbers visible on the structure but the warehouse is located on North Lane Street South of Villard Avenue in Cottage Grove, Oregon. See the photographs below for further details.



Front of the building. (East side)



Back of the building (West side)



Trailer

**Attachment A**



Second trailer (wood and metal)



Shipping container style metal box-brown/rust colored

**Attachment A**                                    **USAO Version Rev. July 2015**



Truck

## ATTACHMENT B

### Items to Be Seized

The items to be searched for, seized, and examined, are those items on the property or vehicles, referenced in Attachment A, that contain evidence, contraband, fruits, and instrumentalities of violations of 21 USC § 841(a)(1), manufacture of marijuana, and possession with intent to distribute marijuana. The items to be seized cover the period of July 12, 2016 through the date of the execution of the search warrant.

1. The items referenced above to be searched for, seized, and examined are as follows:

    a) Controlled substances, specifically marijuana, concentrated cannabis, edibles, and other marijuana products, and residue from controlled substances.

    b) Drug packaging and distribution materials, mechanical and electronic scales, calibration weights, plastic bags, and plastic wrap.

    c) Currency and other monetary instruments, U.S. currency, traveler's checks, stored-value cards, and ATM (automated teller machine) cards.

    d) Drug distribution records, transaction records, ledgers, notes, photographs, videos, receipts, maps, travel documents, address books, and telephone number lists.

    e) Documents and other items which identify the users, owners, occupants, or associates of the searched property, and their assets, identification documents, bank account records, mail, receipts, account records, tax records, property ownership records, and passwords.

f) Vehicle keys and records, registration and ownership documents, insurance documents, and maintenance records.

g) Storage containers capable of storing or concealing drugs or illegal proceeds, and the keys or implements used to access them. The safe can be opened on scene or moved to be opened if necessary.

h) Financial records including bank statements, cancelled checks, deposit records, check stubs, payment ledgers, checkbook registers, deposit slips, loans, documentation of assets and liabilities, general ledgers, general journals, cash, cash receipts, cash disbursement journals, accounts receivable journals, accounts payable journals, contracts, billing information, and records of bills relating to the receipt of currency or other forms of payment.

i) Records of credit card and automatic teller machine activity, including credit and/or debit cards, and automatic teller machine records.

j) Bank statements, canceled checks, duplicate checks, bank deposit records, bank debits, cashier's checks and money order records, and wire transfer records.

k) Papers, records, documents, files, notes, memos, mail, or other materials representing residency, ownership, occupancy, dominion, or control of the property and structures/vehicles described in Attachment A.

l) Records showing possession of safe deposit boxes, safes, storage units, and any other type of storage areas, including passwords, keys and/or access codes for access during the searches.

m) Cellular telephones, computers and other electronic devices and digital devices capable of storing data that constitutes evidence or the instrumentality of the manufacture of marijuana and possession with intent to distribute marijuana.

2. As used in this attachment, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form. The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware. The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

3. For any computer or storage medium whose seizure is otherwise authorized by this warrant and any computer, storage medium, or digital device that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter "Computer"):

    a. Evidence of who used, owned, or controlled the Computer at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence.

b. Evidence of software that would allow others to control the Computer, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software.

c. Evidence of the lack of such malicious software.

d. Evidence indicating how and when the Computer was accessed or used to determine the chronological context of computer access, use, and events relating to the crime under investigation and to the Computer user.

e. Evidence indicating the Computer user's state of mind as it relates to the crime under investigation.

f. Evidence of the attachment to the Computer of other storage devices or similar containers for electronic evidence.

g. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Computer.

h. Evidence of the times the Computer was used.

i. Passwords, encryption keys, and other access devices that may be necessary to access the Computer.

j. Documentation and manuals that may be necessary to access the Computer or to conduct a forensic examination of the Computer.

k. Records of or information about Internet Protocol addresses used by the Computer.

l. Records of or information about the Computer's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite"

web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

    m.    Contextual information necessary to understand the evidence described in this attachment.

### Search Procedure

4.    The search for data capable of being read, stored, or interpreted by a computer or storage device, may require authorities to employ techniques, including imaging any computer or storage media and computer-assisted scans and searches of the computers and storage media, that might expose many parts of the computer to human inspection in order to determine whether it constitutes evidence as described by the warrant.

5.    The initial examination of the computer and storage media will be performed within a reasonable amount of time not to exceed 120 days from the date of execution of the warrant. If the government needs additional time to conduct this review, it may seek an extension of the time period from the Court within the original 120-day period from the date of execution of the warrant. The government shall complete this review within 180 days of the date of execution of the warrant. If the government needs additional time to complete this review, it may seek an extension of the time period from the Court.

6.    If, at the conclusion of the examination, law enforcement personnel determine that particular files or file folders on the computer and storage media do not contain any data falling within the scope of the warrant, they will not search or examine those files or folders further without authorization from the Court. Law enforcement personnel may continue to examine files or data falling within the purview of the warrant, as well as data within the

operating system, file system, software application, etc., relating to files or data that fall within the scope of the warrant, through the conclusion of the case.

7. If an examination is conducted, and the computer and storage media do not contain any data falling within the ambit of the warrant, the government will return the computer and storage media to its owner within a reasonable period of time following the search and will seal any image of the computer and storage media, absent further authorization from the Court.

8. The government may retain the computer and storage media as evidence, fruits, contraband, or an instrumentality of a crime or to commence forfeiture proceedings against the computer and storage media and/or the data contained therein.

9. The government will retain a forensic image of the computer and storage media for a number of reasons, including proving the authenticity of evidence to be used at trial, responding to questions regarding the corruption of data, establishing the chain of custody of data, refuting claims of fabricating, tampering, or destroying data, and addressing potential exculpatory evidence claims where, for example, a defendant claims that the government avoided its obligations by destroying data or returning it to a third party.